## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEROME A. JOHNSON, RICHARD T WACKSMAN,MICHELE BOURGEAS, SHANTEL DENISE DANIELS,PATRICIA DURHAM, CHARLES D. EDWARDS JR., ROBIN ELLIOT-WILLIAMS, MICHAEL LEE HORESMAN ANTHONY S. GORDON, ABDOULE M. JOBE, MATTHEW GLENN MURRAY, JEFFREY NERIM, JAMES FRANK SMITH, JAMES W. WILSON, CHRISTOPHER AKERET, RICHARD ALOI, EDWIN BERMUDEZ JR., JAMES CHABOT, STEPHANIE COLLETTI, BOBBY CORRENTE, DONNA DROHAN DOUGHERTY, GAYLE FRANKS, BRADLEY FREEMAN, MARK P. GENATEMPO, JEFFREY GILES, HOWARD HENRY, STANLEY A. KARWOWSKI, WILLIAM LANCE, PAUL LEONARDO, GIDEON LEWIS, WAYNE LIPKO, JOHN T. LYONS, STEPHEN PAUL MATTNER, KENNETH A. MOORE, TRACY L. PACCONI, LAURIE PLACERES, DAVID PLAZA, MARIO RANDAZZO, RICHARD SCHOLZ, VERNON NATHANIEL SCOVENS, JR., GUNTER SIEMON, JOHN STRETAVSKI JR., JAMES STYCZYNSKI, CHARLES WAGNER, JOHN WATSON, RUT STELLA AGUDELO, DAVID BURO, DEBORAH A. CONTURSO, JOSEPH G. FAHEY, NICHOLAS D. GIGLIO, JAY GROTENSTEIN, MICHAEL M. HACKFORD, JASON D. HARMON, SHAUN H. KIMBALL, GEORGE MARINI, JOHN MARKIEWICZ, ROBERT PEREZ, NATALIE PIERRE, THOMAS PRICE, ROBERT B. SCAFIDI, EDWARD SPADONI, JOHN J. MAKIEWICZ, WILLIAM P. SEIDLER, TERRANCE STEVENS, FRANCO TAIBII, ROBERT L. ABREU, JOHN GIDES, JEROME A. JOHNSON, RONALD J. KLINE, RICHARD J. KORN JR., , BART F. MCMANUS, TODD MCSORLEY, JAMES F. RIZZO, THOMAS L SONSON, KEITH WETZLER, TIMOTHY M. VALDEZ<br><br>       Plaintiffs,<br><br>    v.<br><br>THE HOME DEPOT, INC.<br><br>       Defendant. | Civil Action No.:<br><br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br><br><br><br>**COMPLAINT** |

1

Plaintiffs Jerome A. Johnson, Richard T Wacksman, Michele Bourgeas, Shantel Denise Daniels, Patricia Durham, Charles D. Edwards Jr., Robin Elliot-Williams, Michael Lee Horesman, Anthony S. Gordon, Abdoule M. Jobe, Matthew Glenn Murray, Jeffrey Nerim, James Frank Smith, James W. Wilson, Christopher Akeret, Richard Aloi, Edwin Bermudez Jr., James Chabot, Stephanie Colletti, Bobby Corrente, Donna Drohan Dougherty, Gayle Franks, Bradley Freeman, Mark P. Genatempo, Jeffrey Giles, Howard Henry, Stanley A. Karwowski, William Lance, Paul Leonardo, Gideon Lewis, Wayne Lipko, John T. Lyons, Stephen Paul Mattner, Kenneth A. Moore, Tracy L. Pacconi, Laurie Placeres, David Plaza, Mario Randazzo, Richard Scholz, Vernon Nathaniel Scovens, Jr., Gunter Siemon, John Stretavski Jr., James Styczynski, Charles Wagner, John Watson, Rut Stella Agudelo, David Buro, Deborah A. Conturso, Joseph G. Fahey, Nicholas D. Giglio, Jay Grotenstein, Michael M. Hackford, Jason D. Harmon, Shaun H. Kimball, George Marini, John J. Makiewicz, Robert Perez, Natalie Pierre, Thomas Price, Robert B. Scafidi, Edward Spadoni, William P. Seidler, Terrance Stevens,  Franco Taibi, Robert L. Abreu, John Gides, Jerome A. Johnson, Ronald J. Kline, Richard J. Korn Jr., Bart F. Mcmanus, Todd McSorley, James F. Rizzo, Thomas L Sonson, Keith Wetzler, Timothy M. Valdez (collectively the "Plaintiffs"), each bring a complaint against The Home Depot, Inc. ("Home Depot" or "Defendant"), and allege as follows:

## INTRODUCTION

1.  Each Plaintiff originally opted into the case stylized *Aquilino et al. v. The Home Depot, Inc.*, 04-cv-4100, which is currently pending in the District Court of New Jersey before Judge Sheridan. *Aquilino* asserts claims under the FLSA, 29 U.S.C.  §201 *et seq.* By filing consents to join the statute of limitations were tolled on Plaintiffs' claims and have remained tolled by order of this Court until June 15, 2011.

2.  On May 2, 2011, Judge Sheridan entered an Order dismissing without prejudice the opt in plaintiffs in *Aquilino* further holding  that the tolling of the statute of limitations of the opt-in

2

plaintiffs' claims conclude and such statute continue to run for each plaintiff for its unexpired portion on June 15, 2011.

3.  Plaintiffs now bring this action pursuant to FLSA, 29 U.S.C. § 201 *et seq.* to remedy Home Depot's violations of the wage and hour provisions of the FLSA, which as deprived Plaintiffs of lawful wages.

4.  Certain Plaintiffs also bring claims under applicable state wage and hour laws.

5.  Specifically, Plaintiffs seek to recover unpaid overtime compensation owed to them pursuant to FLSA and applicable state laws for all hours worked over 40 hours.  Each Plaintiff is entitled to such overtime compensation for all hours worked over 40 hours per week for the time period of at least three years prior to the time the Plaintiff consented to join *Aquilino*.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and under section 216(b) of the FLSA, 29 U.S.C. § 216(b).

7.  This Court also has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to Plaintiffs' federal claims that they form a part of the same case or controversy between the parties.

8.  Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

## PARTIES

### Delaware Employed Plaintiffs

9.  Plaintiff Jerome A. Johnson is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Johnson's primary duties consisted of non-managerial tasks of manual labor and customer service.

10.  Plaintiff Richard T. Wacksman is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and

was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Wacksman's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Maryland Employed Plaintiffs**

11.      Plaintiff Michele Bourgeas is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Bourgeas' primary duties consisted of non-managerial tasks of manual labor and customer service.

12.      Plaintiff Shantel Denise Daniels is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Daniels' primary duties consisted of non-managerial tasks of manual labor and customer service.

13.      Plaintiff Patricia Durham is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Durham's, primary duties consisted of non-managerial tasks of manual labor and customer service.

14.      Plaintiff Charles D. Edwards Jr. is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Edwards' primary duties consisted of non-managerial tasks of manual labor and customer service.

15.      Plaintiff Robin Elliot-Williams is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Elliot-Williams' primary duties consisted of non-managerial tasks of manual labor and customer service

16.     Plaintiff Anthony S. Gordon is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Gordon's, primary duties consisted of non-managerial tasks of manual labor and customer service.

17.     Plaintiff Michael Lee Horesman is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Horseman's primary duties consisted of non-managerial tasks of manual labor and customer service

18.     Plaintiff Abdoule M. Jobe is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Jobe's, primary duties consisted of non-managerial tasks of manual labor and customer service.

19.     Plaintiff Matthew Glenn Murray is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Murray's, primary duties consisted of non-managerial tasks of manual labor and customer service.

20.     Plaintiff Jeffrey Nerim is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Nerim's, primary duties consisted of non-managerial tasks of manual labor and customer service.

21.     Plaintiff James Frank Smith is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Smiths' primary duties consisted of non-managerial tasks of manual labor and customer service.

22.       Plaintiff James W. Wilson is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Wilson's, primary duties consisted of non-managerial tasks of manual labor and customer service.

**New Jersey Employed Plaintiffs**

23.       Plaintiff Christopher Akeret is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Akeret's, primary duties consisted of non-managerial tasks of manual labor and customer service.

24.       Plaintiff Richard Aloi is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Aloi's, primary duties consisted of non-managerial tasks of manual labor and customer service.

25.       Plaintiff Edwin Bermudez Jr. is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Bermudez's primary duties consisted of non-managerial tasks of manual labor and customer service.

26.       Plaintiff James Chabot is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Chabot's, primary duties consisted of non-managerial tasks of manual labor and customer service.

27.       Plaintiff Stephanie Colletti is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Colletti's, primary duties consisted of non-managerial tasks of manual labor and customer service.

28.      Plaintiff Bobby Corrente is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Corrente's, primary duties consisted of non-managerial tasks of manual labor and customer service.

29.      Plaintiff Donna Drohan Dougherty is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Dougherty's primary duties consisted of non-managerial tasks of manual labor and customer service.

30.      Plaintiff Gayle Franks is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Franks' primary duties consisted of non-managerial tasks of manual labor and customer service.

31.      Plaintiff Bradley Freeman is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Freeman's, primary duties consisted of non-managerial tasks of manual labor and customer service.

32.      Plaintiff Mark P. Genatempo is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Genatempo's primary duties consisted of non-managerial tasks of manual labor and customer service.

33.     Plaintiff Jeffrey Giles is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Giles' primary duties consisted of non-managerial tasks of manual labor and customer service.

34.     Plaintiff Howard Henry is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Henry's primary duties consisted of non-managerial tasks of manual labor and customer service.

35.     Plaintiff Stanley A. Karwowski is a current or former employee of Home Depot who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Karwowski's primary duties consisted of non-managerial tasks of manual labor and customer service.

36.     Plaintiff William Lance is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Lance's primary duties consisted of non-managerial tasks of manual labor and customer service.

37.     Plaintiff Paul Leonardo is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Leonardo's primary duties consisted of non-managerial tasks of manual labor and customer service.

38.     Plaintiff Gideon Lewis is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Lewis', primary duties consisted of non-managerial tasks of manual labor and customer service.

39.     Plaintiff Wayne Lipko is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Lipko's primary duties consisted of non-managerial tasks of manual labor and customer service.

40.     Plaintiff John T. Lyons is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Lyons' primary duties consisted of non-managerial tasks of manual labor and customer service.

41.     Plaintiff Stephen Paul Mattner is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Mattner's primary duties consisted of non-managerial tasks of manual labor and customer service.

42.     Plaintiff Kenneth A. Moore is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Moore's primary duties consisted of non-managerial tasks of manual labor and customer service

43.     Plaintiff Tracy L. Pacconi is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Pacconi's primary duties consisted of non-managerial tasks of manual labor and customer service.

44.     Plaintiff Laurie Placeres is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully

deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Placeres' primary duties consisted of non-managerial tasks of manual labor and customer service.

45.     Plaintiff David Plaza is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Plaza's primary duties consisted of non-managerial tasks of manual labor and customer service.

46.     Plaintiff Mario Randazzo is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Randazzo's primary duties consisted of non-managerial tasks of manual labor and customer service.

47.     Plaintiff Richard Scholz is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Scholz's primary duties consisted of non-managerial tasks of manual labor and customer service.

48.     Plaintiff Vernon Nathaniel Scovens, Jr. is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Scoven's primary duties consisted of non-managerial tasks of manual labor and customer service.

49.     Plaintiff Gunter Siemon is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Siemon's primary duties consisted of non-managerial tasks of manual labor and customer service.

50.     Plaintiff John Stretavski, Jr. is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Stretavski's primary duties consisted of non-managerial tasks of manual labor and customer service.

51.     Plaintiff James Styczynski is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Styczynski's primary duties consisted of non-managerial tasks of manual labor and customer service.

52.     Plaintiff Charles Wagner is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Wagner's primary duties consisted of non-managerial tasks of manual labor and customer service.

53.     Plaintiff John Watson is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Watson's primary duties consisted of non-managerial tasks of manual labor and customer service.

**New York Plaintiffs**

54.     Plaintiff Rut Stella Agudelo is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Agudelo's, primary duties consisted of non-managerial tasks of manual labor and customer service.

55.     Plaintiff David C. Buro is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Buro's primary duties consisted of non-managerial tasks of manual labor and customer service.

56.     Plaintiff Deborah A. Conturso is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Conturso's primary duties consisted of non-managerial tasks of manual labor and customer service.

57.     Plaintiff Joseph G. Fahey is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Fahey's primary duties consisted of non-managerial tasks of manual labor and customer service.

58.     Plaintiff Nicholas D. Giglio is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Giglio's primary duties consisted of non-managerial tasks of manual labor and customer service.

59.     Plaintiff Jay Grotenstein is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Grotenstein's primary duties consisted of non-managerial tasks of manual labor and customer service.

60.     Plaintiff Michael M. Hackford is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Hackford's primary duties consisted of non-managerial tasks of manual labor and customer service.

61.     Plaintiff Jason D. Harmon is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

12

unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Harmon's primary duties consisted of non-managerial tasks of manual labor and customer service.

62.      Plaintiff Shaun H. Kimball is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Kimball's primary duties consisted of non-managerial tasks of manual labor and customer service.

63.      Plaintiff George Marini is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Marini's primary duties consisted of non-managerial tasks of manual labor and customer service.

64.      Plaintiff John J. Makiewicz is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Makiewicz's primary duties consisted of non-managerial tasks of manual labor and customer service.

65.      Plaintiff Robert Perez is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Perez's primary duties consisted of non-managerial tasks of manual labor and customer service.

66.      Plaintiff Natalie Pierre is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Pierre's primary duties consisted of non-managerial tasks of manual labor and customer service.

67.      Plaintiff Thomas Price is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully

deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Price's primary duties consisted of non-managerial tasks of manual labor and customer service.

68.     Plaintiff Robert B. Scafidi is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Scafidi's primary duties consisted of non-managerial tasks of manual labor and customer service.

69.     Plaintiff Edward Spadoni is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Spadoni's primary duties consisted of non-managerial tasks of manual labor and customer service.

70.     Plaintiff William P. Seidler is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Seidler's primary duties consisted of non-managerial tasks of manual labor and customer service.

71.     Plaintiff Terrance Stevens is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Stevens's primary duties consisted of non-managerial tasks of manual labor and customer service.

72.     Plaintiff Franco Taibi is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Taibi's primary duties consisted of non-managerial tasks of manual labor and customer service

**Pennsylvania Plaintiffs**

73.     Plaintiff Robert L. Abreu is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully

14

deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Abreu's primary duties consisted of non-managerial tasks of manual labor and customer service.

74.      Plaintiff John Gides is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Gides' primary duties consisted of non-managerial tasks of manual labor and customer service.

75.      Plaintiff Jerome A. Johnson is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Johnson's, primary duties consisted of non-managerial tasks of manual labor and customer service.

76.      Plaintiff Ronald J. Kline is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Kline's primary duties consisted of non-managerial tasks of manual labor and customer service.

77.      Plaintiff  Richard J. Korn Jr. is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Korn's primary duties consisted of non-managerial tasks of manual labor and customer service.

78.      Plaintiff Bart F. McManus is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Mcmanus' primary duties consisted of non-managerial tasks of manual labor and customer service.

79.     Plaintiff Todd McSorley is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff McSorley's primary duties consisted of non-managerial tasks of manual labor and customer service.

80.     Plaintiff James F. Rizzo is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Rizzo's primary duties consisted of non-managerial tasks of manual labor and customer service.

81.     Plaintiff Thomas L Sonson is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Sonson's primary duties consisted of non-managerial tasks of manual labor and customer service.

82.     Plaintiff Keith Wetzler is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Wetzler's primary duties consisted of non-managerial tasks of manual labor and customer service.

83.     Plaintiff Timothy M. Valdez is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Valdez's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Defendant Home Depot**

84.     Defendant Home Depot is a Delaware corporation with its principal executive offices located at 2455 Pace Ferry Road, N.W., Atlanta, Georgia.  Home Depot is the world's largest home improvement retailer and second largest retailer in the United States.  It owns and

operates nearly 1,800 retail stores throughout the United States including Delaware, Maryland, New Jersey, New York, and Pennsylvania.

## SUBSTANTIVE ALLEGATIONS FOR EACH PLAINTIFF

85.     Defendant Home Depot, owns and operates approximately 1,800 home improvement retail stores located throughout the United States, including Delaware, Maryland, New Jersey, New York, and Pennsylvania and employs tens of thousands of workers in these stores, including Merchandizing Assistant Store Managers ("MASMs").

### A.  Plaintiffs' Primary Duties were/are Non-Managerial

86.     Home Depot stores generally have the following employees working in each store: Store Manager(s), Assistant Store Managers, including MASMs, Department Heads/Supervisors, and Sales Associates.  Some Home Depot stores also have Human Resource Managers that are involved in the stores hiring, firing and employee scheduling.

87.     Department Heads/Supervisors are hourly associates who are paid at an hourly rate and are entitled to overtime pay if they work over 40 hours per week.

88.     Department Heads/Supervisors can and do perform and are expected to perform many of the "managerial" type tasks that MASMs are expected to perform.

89.     As MASMs, Plaintiffs were required to perform both managerial and non-managerial duties, but Plaintiffs spent the majority of their time on their non-managerial duties. Indeed, Home Depot expected Plaintiffs to prioritize their non-managerial duties over their managerial duties.

90.      Plaintiffs' primary duties as MASMs were non-managerial tasks including such tasks as packing and unpacking freight; setting product; cleaning bathrooms and the store; picking up garbage and taking the garage out; pushing shopping carts and returning shopping carts from the parking lot to inside the store; running registers; receiving trucks; building displays; cutting wood; painting displays; fixing tools; labeling product in overhead; and loading customers' cars

("tasking"). When Plaintiffs were not tasking and were on the floor, Plaintiffs spent the majority of their time providing customer service.

91.     As MASMs, Plaintiffs regularly and routinely worked in excess of 40 hours per week.

92.     One of the requirements of the MASM position was to work a minimum 55 hours per week, which generally broke down into 5 day 11 hour work weeks. Plaintiffs frequently and regularly worked beyond the minimum 55 hours per week.

93.     By the conduct described in this Complaint, Home Depot has violated the Fair Labor Standards Act ("FLSA") and applicable state laws by failing to pay Plaintiffs proper overtime wages as required by law.

94.     Under both federal and state wage laws they are each entitled to be paid for all hours worked over 40 hours per week. While Plaintiffs were employed by Home Depot as MASMs, Home Depot required that they work in excess of 40 hours per week without paying them 1.5 times their regular rate of pay.

95.     Home Depot had a pattern and practice of deliberately misclassifying Plaintiffs as "exempt" employees for the purpose of federal and state overtime law in order to save money in employee compensation.

**B.  Home Depot's Unlawful Conduct Was and Is Willful**

96.     Throughout the relevant time period, Home Depot's policy was to deprive its MASMs of earned overtime compensation. In order to avoid paying MASMs overtime compensation for all hours that they worked in excess of 40 in a workweek, Home Depot uniformly misclassified them as "executives," exempt from federal and state overtime protections.

97.     As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and state wage and hours laws.  This policy and pattern or practice includes but is not limited to:

18

    a.   Willfully failing to keep records of all the time that MASMs have worked for Defendant's Benefit;

    b.   Willfully failing to keep accurate payroll records as required by the FLSA and state wage and hour laws;

    c.   Willfully misclassifying Plaintiffs as MASMs as exempt from the requirements of the FLSA; and

    d.   Willfully failing to pay Plaintiffs as MASMs, overtime wages for all hours that they worked in excess of 40 hours per week.

98.      Upon information and belief, Home Depot's unlawful conduct described herein is pursuant to a corporate policy or practice of minimizing labor costs by violating FLSA and state wage and hour laws.

99.      Upon information and belief, Home Depot was or should have been aware that state and federal laws required it to pay overtime compensation for hours worked in excess of 40 per week to MASMs such as Plaintiffs who primarily perform non-exempt duties.

100.      Upon information and belief, Home Depot was aware or should have been aware, that as MASMs, these Plaintiffs (a) primarily performed non-exempt work such as manual labor ("tasking") and customer service; (b) wielded little or no discretion in the performance of their duties; (c) spent very little time performing managerial type tasks; (d) and what little managerial tasks they did have, could and were done by hourly associates.

101.      Upon information and belief, despite Plaintiffs' actual and expected job duties, Home Depot uniformly designated and classified the MASM position, and therefore Plaintiffs as "managerial" employees in order to attempt to justify classifying them as exempt from overtime protections and avoid liability for overtime payments properly due to Plaintiffs.

102.      Home Depot's failure to pay Plaintiffs overtime wages for their work in excess of 40 hours per week was willful.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.***
**By Each Plaintiff**

103.      Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

104.      At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

105.      Home Depot was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

106.      At all times relevant, Plaintiffs were or have been employees of Home Depot within the meaning of 29 U.S.C. §§203(e) and 207(a).

107.      Home Depot failed to pay Plaintiffs the overtime wages to which they are entitled to under the FLSA.

108.      Home Depot failed to keep accurate records of the time worked by each Plaintiff.

109.      Home Depot's violations of the FLSA, as described in this Complaint, have been willful and intentional.

110.      Home Depot failed to make a good faith effort to comply with the FLSA with respect to Plaintiffs' compensation.

111.      Because Home Depot's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

112.      As a result of Home Depot's violations of the FLSA, Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages, pre-judgment interest, post-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
**New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq*., and the supporting regulations, N.J. Admin. Code §§ 12.45-1.1 *et seq*.**
**On behalf of the New Jersey Plaintiffs**

113.     Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 23-53, 84-112.

114.     Home Depot engaged in a widespread pattern, policy, practice of violating the NJSWHL.

115.     Home Depot's violations of the NJSWHL, as described in this Complaint have been willful and intentional.

116.     At all times relevant, the New Jersey Plaintiffs were employees and Home Depot was an employee within the meaning of the NJSWHL.

117.     Home Depot employed the New Jersey Plaintiffs in New Jersey within the meaning of the term "employ[s]" in the NJSWHL.

118.     The New Jersey Plaintiffs are "person[s]" within the meaning of the term "employ[s]" in the NJSWHL.

119.     The New Jersey Plaintiffs were "employees" within the meaning of the term "employee[s]" in the NJSWHL, including the definition of "employee" in NJWHL, N.J.S.A. § 34:11-4.1(b).

120.     Home Depot employed the New Jersey Plaintiffs as an employer.

121.     Home Depot was an employee within the meaning of the term "employer" in the NJSWHL, including the definition of "employer" in NJSWHL, N.J.S.A. § 34:11-4.1(a).

122.     The overtime wage provisions of Chapter 11, Article 2 of the NJSWHL, N.J.S.A. §§ 34:11-56a *et seq*. and its supporting regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq*., apply to Home Depot and protect the New Jersey Plaintiffs.

123.     Home Depot failed to pay the New Jersey Plaintiffs the overtime wages to which they are entitled under Chapter 11, Article 2 of the NJSWHL. N.J.S.A. §§ 34:11-56A *et seq*.

124.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New Jersey Plaintiffs and failed to furnish each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

125.     By Home Depot's knowing or intentional failure to pay the New Jersey Plaintiffs overtime wages for hours worked in excess of 40 hours per week, it has willfully violated Chapter 11, Article 2 of the NJSWHL, N.J.S.A. §§ 34:11-56a *et. seq*.

126.     Due to Home Depot's violations of Chapter 11, Article 2 of the NJSWYL, N.J.S.A.. §§ 34:11-56a *et seq*. the New Jersey Plaintiffs are entitled to recover from Defendant their unpaid overtime wages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 On behalf of the New York Plaintiffs**

127.     Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 54-72, 84-112.

128.     Home Depot engaged in a widespread pattern, policy, and practice of violating the NYLL.

129.     At all times relevant the New York Plaintiffs were or are employees and Home Depot has been an employee within the meaning of the NYLL.  The New York Plaintiffs are covered by the NYLL.

130.     Home Depot employed the New York Plaintiffs as an employer.

131.     Home Depot failed to pay the New York Plaintiffs overtime wages to which they were entitled under NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.  Home Depot failed to pay Plaintiffs for overtime at a wage rate of one and one-half

times their regular rate of pay.  Home Depot failed to pay Plaintiffs overtime at wage rate of one and one-half times the basic minimum hourly rate.

132.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New York Plaintiffs.

133.     Home Depot's violations of the NYLL, as described in this Complaint have been willful and intentional.

134.     Due to Home Depot's violations of the NYLL, the New York Plaintiffs are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**

**Maryland Wage and Hour Law §§ 3-401 *et seq.* and the Supporting Maryland Department of Labor, Licensing and Regulation Regulations, Md. Code. Regs. 09.12.41 *et seq.* on behalf of the Maryland Plaintiffs**

135.     Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 11-22, 84-112.

136.     Home Depot engaged in a widespread pattern, policy, practice of violating the MWHL.

137.     Home Depot's violations of the MWHL as described in this Complaint have been willful and intentional.

138.     At all times relevant, the Maryland Plaintiffs were employees and Home Depot was an employee within the meaning of the MWHL.

139.     Home Depot employed the Maryland Plaintiffs as an employer.

140.     Home Depot was an employer within the meaning of the term "employer" in the MHWL including the definition of "employer" in MHWL.

141.     The overtime wage provisions of MHWL and its supporting regulations, Md. Code Regs., 9.14.41 *et seq*. apply to Home Depot and protect the Maryland Plaintiffs.

142.     Home Depot failed to pay the Maryland Plaintiffs the overtime wages to which they are entitled under MHWL.

143.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Maryland Plaintiffs and failed to furnish each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

144.     By Home Depot's knowing or intentional failure to pay the Maryland Plaintiffs overtime wages for hours worked in excess of 40 hours per week, it has willfully violated MHWL.

145.     Due to Home Depot's violations of MHWL and Maryland Plaintiffs are entitled to recover from Defendant their unpaid overtime wages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
**Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. §§ 333.101 *et seq.* and
Wage Payment and Collection Law, 43 Pa. Stat. §§ 250.1 *et seq.*
On behalf of the Pennsylvania Plaintiffs**

146.     Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-8, 73-84, 84-112.

147.     Home Depot has engaged in a widespread pattern, policy, and practice of violating the Pennsylvania Wage Laws, as detailed in this Complaint.

148.     The foregoing conduct, as alleged, violated Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. §§ 333.103 *et seq.* and Wage Payment and Collection Law, 43 Pa. Stat. §§ 260.1 *et seq.* (collectively "Pennsylvania Wage Laws").

149.     At all relevant times, Home Depot has been, and continue to be, "employer[s]" within the meaning of the Pennsylvania Wage Laws.  At all relevant times, Home Depot has employed, and/or continues to employ, "employee[s]," including the Pennsylvania Plaintiffs within the meaning of the Pennsylvania Wage Laws.

150.     Pennsylvania Wage Laws require an employer, such as Home Depot to compensate all non-exempt employees for all hours worked.  The Pennsylvania Plaintiffs are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

151.     At all relevant times, Home Depot had a policy and practice of failing and refusing to pay overtime pay and other wages to the Pennsylvania Plaintiffs for their hours worked, including hours in excess of 40 hours per week.

152.     As a result of Home Depot's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Pennsylvania Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Home Depot has violated, and continues to violate, the Pennsylvania Wage Laws, including 43 Pa. Stat. § 333.104(c).

153.     As a result of Home Depot's failure to record, report, credit, and furnish to each of the Pennsylvania Plaintiffs their respective wage and hour records showing all wages earned and due for all work performed, Home Depot has failed to make, keep, preserve, and furnish such records, in violation of 43 Pa. Stat. § 33.108.

154.     The Pennsylvania Plaintiffs seek recovery of attorney's fees, costs, and expenses of this action to be paid by Home Depot as provided by 43 Pa. Stat. § 333.113.

155.     The Pennsylvania Plaintiffs seek damages in the amount of twice the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of work performed in excess of 40 hours in a workweek, violating the Pennsylvania Wage Laws, and such other legal and equitable relief from Home Depot's unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A.    Award each Plaintiff unpaid wages due under the FLSA calculated at a rate of one-and-one half times his or her regular rate of pay;

B.    An additional amount and equal award to each Plaintiff as liquidated damages under FLSA;

C.    Award each Plaintiff punitive damages, liquidated damages and/or other statutory penalties where available under state law;

D.    Award each Plaintiff pre-judgment and post-judgment interest as provided by law;

E.    Award each Plaintiff the costs of this suit together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiffs demand trial by jury as to all issues in the above matter.

Dated: June 14, 2011

**SQUITIERI & FEARON, LLP**

By: /s/ Olimpio Lee Squitieri
Olimpio Lee Squitieri
Caitlin Duffy
2600 Kennedy Boulevard, Suite 1K
Jersey City, New Jersey 07306
Tel:    201.200.0900
Fax:    201.200.9008

-and-

32 East 57th Street
12th Floor
New York, New York 10022
Tel:    212-421-6492
Fax:    212-421-6553
Email: lee@sfclasslaw.com
Email: Caitlin@sfclasslaw.com

*Attorneys for Plaintiffs*

26