IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEROME A. JOHNSON, ET AL, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 3:11-cv-03561-PGS-TJB ) ) |
| v. | ) JOINT MOTION FOR APPROVAL OF ) SETTLEMENT AGREEMENT |
| HOME DEPOT U.S.A., INC., | ) ) |
| Defendant. | ) ) |

JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Named plaintiffs Christopher Akeret, Edwin Bermudez, Shantel Daniels, Joseph G. Fahey, Gayle Franks, Richard Scholz, and Ronald J. Kline (collectively "plaintiffs") and defendant Home Depot U.S.A., Inc. hereby request approval of their Settlement Agreement under the Fair Labor Standards Act ("FLSA"). Since this is a settlement of FLSA claims, the settlement must be approved by the Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (citing 29 U.S.C. § 216(b); *Bredbenner v. Liberty Travel, Inc.*, Nos. 09-905 (MF), 09-1248 (MF), 09-4587 (MF), 2011 WL 1344745, at *18 (D.N.J. Apr. 8, 2011) (court serves as a "gatekeeper" in scrutinizing FLSA settlements for fairness). To ensure their settlement is enforceable, the parties jointly present the Agreement for

1

the Court's review and approval; however, to preserve the confidentiality of the terms of the Agreement, Home Depot will submit the Agreement separately for the Court's *in camera* review.

I.    BACKGROUND

Plaintiffs are current and former Home Depot assistant store managers who filed consents to join in *Aquilino v. Home Depot U.S.A., Inc.*, No. 04-cv-04100 (D.N.J.), an FLSA collective action filed in this Court. On February 15, 2011, the Court decertified *Aquilino*, which had previously been conditionally certified as a collective action. 2011 WL 564039, at *1, *12.

In June 2011, plaintiffs' counsel filed the instant action on behalf of 75 named plaintiffs,[1] alleging that Home Depot improperly classified them as exempt from the FLSA and in some instances state overtime requirements.[2] (Dkt. 1.) Home Depot denied that the plaintiffs were improperly classified. (Dkt. 13, 40.) During this litigation and *Aquilino*, the parties engaged in substantial discovery and legal argument.

In September 2013, the parties participated in a mediation facilitated by Mark S. Rudy, an experienced and highly regarded class action mediator and made

---

[1] Seven plaintiffs remain (Akeret, Bermudez, Daniels, Fahey, Franks, Scholz, and Kline). All other plaintiffs have been dismissed.

[2] The operative pleading is the Second Amended Complaint. (Dkt. 39.) Because this is not a Rule 23 class action, there is no requirement that the Court approve settlement of the state law claims.

2

substantial progress. The parties reached a settlement agreement on December 16, 2013 with the ongoing assistance of Mr. Rudy. On December 30, 2013, the Court dismissed this action, but provided that the parties may reopen the case within 90 days to seek approval of the parties' settlement agreement. (Dkt. 114.) The parties have finalized and executed a Settlement Agreement, which is being submitted to the Court separately for *in camera* review.

The Agreement resolves all asserted federal and state law claims and other claims that could have been made relating to the alleged misclassification of plaintiffs through the date plaintiffs executed the Agreement.

II.     THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT.

A district court may approve an FLSA settlement between private litigants where it reflects "a fair and reasonable resolution of [a] bona fide dispute." *Morales v. PepsiCo, Inc*, No. 11-6275 (AET), 2012 WL 870752, at *1 (D.N.J. Mar. 14, 2012) (quotations omitted). In reviewing FLSA settlements, the court serves as "gatekeeper," *Bredbenner*, 2011 WL 1344745, at *18, and upholds the Third Circuit's "strong presumption in favor of settlement," *see Morales*, 2012 WL 870752, at *1 (citing *Farris v. J.C. Penney, Inc.*, 176 F.3d 706, 711 (3d Cir. 1999)), while ensuring that the parties are not sidestepping the requirements of the FLSA. *Bredbenner*, 2011 WL 1344745, at *18. Courts find little question over the

existence of a bona fide dispute where "federal court litigation followed aggressive prosecution and strenuous defense." *Id*.

The settlement here is a fair and reasonable resolution of a bona fide dispute. The settlement follows contested litigation conducted by experienced counsel. The parties engaged in significant discovery, defendant filed two motions for summary judgment, which were withdrawn without prejudice to refile pending mediation, and the parties engaged in settlement negotiations conducted at arm's length and facilitated by an experienced mediator. In reaching agreement, the parties have taken into account the uncertainty and risks in litigation and the costs that each party will incur if litigation continues, including multiple jury trials. The parties have fully evaluated the likelihood of prevailing on the merits of their claims and defenses including the proper method for calculating unpaid overtime in the event that one or more plaintiffs prevail on their claims and have concluded it is in their mutual interest to resolve the litigation in the manner set forth in the Settlement Agreement.

Plaintiffs have fully considered the potential value of their misclassification claims and concluded that the proposed settlement provides a fair and reasonable resolution of their claims. Home Depot supports this result since it eliminates the uncertainties, risks, and cost of further litigation, including multiple jury trials and possible appeals.

III. CONCLUSION

For the foregoing reasons, the parties jointly request that the Court enter an order approving their Settlement Agreement and dismissing plaintiffs' claims with prejudice.

Respectfully submitted,

Dated: February 28, 2014

/s/ *Patrick G. Brady*
Patrick G. Brady
Epstein Becker & Green P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 642-1900 (telephone)
(973) 639-8556 (facsimile)
pbrady@ebglaw.com

Joel M. Cohn (admitted *pro hac vice*)
Juliet E. Gray (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036-1564
(202) 887-4000 (telephone)
(202) 887-4288 (facsimile)
jcohn@akingump.com
jegray@akingump.com

Attorneys for defendant Home Depot U.S.A., Inc.

Dated: February 28, 2014

/s/ *Caitlin Duffy*
Olimpio Lee Squitieri
Caitlin Duffy
SQUITIERI & FEARON, LLP
2600 Kennedy Boulevard, Suite 1K
Jersey City, New Jersey 07306
Tel: 201.200.0900

5

Fax:   201.200.9008

-and-

32 East 57th Street
12th Floor
New York, New York 10022
Tel:   212-421-6492
Fax:   212-421-6553
Email:       lee@sfclasslaw.com
Email:       Caitlin@sfclasslaw.com

Attorneys for plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2014, a true and correct copy of the foregoing Joint Motion for Approval of Settlement Agreement was served via ECF to:

>Olimpio Lee Squitieri
>Caitlin Duffy
>SQUITIERI & FEARON LLP
>32 East 57th Street
>12th Floor
>New York, NY  10022

>　　　　　　　*/s/    Patrick G. Brady*
>　　　　　　　Patrick G. Brady